LASER GRAIN COMPANY *v.* TENNESSEE FIBER COMPANY.

Opinion delivered October 15, 1917.

1. PLEADING AND PRACTICE—PARAGRAPHING COMPLAINT.—It is only where the complaint alleges separate causes of action that plaintiff can be required to paragraph his complaint.

2. SALES—BREACH OF CONTRACT TO PURCHASE—DAMAGES.—For breach of a contract to accept merchandise purchased, the measure of

damages is the difference between the contract price for the goods, and the market price, at the time the contract was broken.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; reversed.

*Sellers & Sellers,* for appellant.

1. Each of the two orders was a separate contract. As a matter of fact there were three separate contracts entered into, one of which was for the purchase of one car of the same character of feed for immediate use, and which was fully executed. One of them, No. 7, contained the contract for the exclusive sale of the products in certain territory, subject to confirmation. Either of these contracts could have been enforced independent of and without regard to the other, or canceled and the validity of the others not affected.

If Young's testimony as to the execution of the two orders was competent and admissible for the purpose of sustaining the allegations of one contract, then plaintiff should have been required to paragraph its complaint and set out each cause of action. Kirby's Digest, § 6092.

There was a variance between the allegations and proof and a verdict should have been directed for defendant. 13 N. W. 386.

2. The court erred in refusing instruction No. 5 and in giving No. 1 for plaintiff. Instruction No. 2 was improper and prejudicial. The true test of the measure of damages was not given by the court.

3. Improper argument of counsel was allowed. 70 Ark. 305.

4. There was no proof offered as to the time defendant broke the contract, and therefore the damages could not be fixed.

5. There was no proof as to the market price of the feed on the day defendant broke the contract, and therefore the damages could not be fixed.

6. The instruction given by the court and the one asked by plaintiff fixing the measure of .damages are in direct conflict, and the verdict is excessive.

7. No. 5, asked by defendant, should have been given.

8. The instruction given by the court on its own motion was erroneous.

*Patterson & McKennon,* for appellee.

1. No points of law are involved in this case. The case was properly presented to the jury and the verdict is sustained by the evidence. There was only one contract and one sale. Where the parties have given a contract a particular construction, such construction will be given so as to give effect to its provisions and the subsequent acts of the parties. 9 Cyc. 588.

2. Where two or more written instruments are executed the same day, relate to the same subject matter and one refers to the other, the presumption is that they evidence but a single contract. 9 Cyc. 580.

There is nothing in the record indicating that two separate causes of action existed which required paragraphing under section 6092, Kirby's Digest.

2. Defendant was not justified in breaking the contract because of the shipment of one car to Elliott. This was properly submitted to the jury and they found against defendant on proper instructions.

3. Two cars were shipped in accordance with the contract and defendant refused to accept them and honor the drafts. The time of the breach was established and the measure of damages fixed properly.

4. The remarks of counsel were harmless—no prejudice is shown.

5. There is no error in the court's charge. Under the law and evidence plaintiff was entitled to recover, and the verdict is not excessive.

HUMPHREYS, J. Appellee brought suit on April 8, 1916, against appellant in the Johnson Circuit Court to recover $500 damages on account of an alleged breach

of contract in refusing to accept 145 tons of Cremo cotton seed meal purchased by appellant from appellee on the 12th day of January, 1916. Appellee alleged that 45 tons were to be delivered on February 1, and 100 tons on March 15 thereafter; that in fulfillment of the contract, appellee shipped two cars of the feed to appellant at Clarksville; that appellant refused to accept same and notified appellee it had no intention of carrying out the contract.

On December 7, by leave of court, appellant filed a substituted answer, denying the material allegations of the complaint.

The cause was tried upon the pleadings, oral evidence and instructions of the court. The jury returned a verdict for $412.50. Judgment was rendered in accordance therewith and an appeal has been prosecuted to this court.

On January 12, 1916, T. B. Young, salesman of appellee, called on Tom Laser, secretary and manager of appellant, and sold appellant one car of Cremo cotton seed meal for immediate delivery and took order No. 7 for 45 tons for delivery on February 1, and order No. 8 for 100 tons for delivery on March 15. Young had no authority to sell for future delivery, so the orders were telephoned over long distance to appellee and by it accepted. Thereupon, appellant wrote appellee as follows:

"Clarksville, Ark., Jan. 12, 1916.

"Tennessee Fiber Company, Memphis, Tenn.

"Gentlemen: We gave your Mr. Young an order today for ten cars cotton seed feed meal, like sample, at $24.00 per ton f. o. b. Memphis, shipment within sixty days.

"Will you please rush one car, containing three hundred sacks, to us here immediately, making arrival draft through Bank of Clarksville? Please rush this car without tags as we will tag the sacks here, and in the future,

we shall send our tags to be placed on at your plant, as we will want this feed under our own brand.

"Very truly yours,

"Laser Grain Company, By Thos. D. Laser."

"Please send 5-pound sample by parcel post. We want to remail small samples from here."

In further confirmation, appellee wired appellant as follows:

"Memphis, Tenn., 10:45 a. m., 1-13-16.

"Laser Grain Co., Clarksville, Ark.

"Confirm three cars of Cremo 24 dollars Memphis shipment Feb. first also one hundred tons same price shipment March fifteen sale by Mr. Young.

"Tenn. Fiber Co.    11:35 a."

As an inducement for making such a large purchase, appellant was given the exclusive sale of said product from Russellville to Ozark, inclusive of both places. The evidence adduced by appellant tended to show that the order taken from Homer Elliott on the same date for one car of the same product was not effective and would not be shipped; that adduced by appellee tended to show that the Elliott shipment depended on whether appellee approved the terms contained in the Elliott order. Appellee confirmed the Elliott order and shipped a car of the product to him. Subsequently, two cars were shipped to appellant and declined because appellee had shipped a car to Elliott, claiming this act an infringement upon its exclusive right of sale between Russellville and Ozark. Salesman Young was sent to interview appellant, and, being unable to prevail on it to take the cars, disposed of one of them in Little Rock for $22.00 per ton. The other was shipped to Van Buren. On February 29 appellee notified appellant that it would not accept the cars on track nor any future shipments, and that the contract was closed for the reason that it had shipped a car to Elliott. The evidence is conflicting as to the market value of the meal on that date or on the dates provided in the contract for shipment. Young, who was in daily touch with the market, testified that the price had depreciated from

$24 to $22 per ton. Appellant's testimony tended to show that it was then worth $24 per ton.

(1) It is insisted that the two causes of action were embraced in the contract, or that the two orders constituted two separate contracts, and hence a fatal variance between the single contract alleged and the contract or contracts proved; and also insisted that if the two orders constituted separate causes of action, the court erred in overruling appellant's motion to require appellee to paragraph its complaint under Sec. 6092 of Kirby's Digest. We think the facts, circumstances and conduct of the parties point unerringly to the conclusion that the transaction constituted one contract. The contract was for 145 tons of cotton seed meal to be delivered in two shipments, 45 tons thereof on February 1, and 100 tons on March 15. The letter and telegram pertaining thereto so indicate. Appellant itself treated the alleged breach as a breach of the entire contract. There was no variance between the alleged contract and proof thereof. It was admissible to introduce both order sheets in evidence. Being one cause of action for damages for breach of the entire contract, Sec. 6092 of Kirby's Digest did not apply. It is only where the complaint alleged separate causes of action that plaintiff can be required to paragraph his complaint.

It is insisted that the court erred in refusing to tell the jury that a confirmation of the Elliott order and shipment to him of a car of the meal after the confirmation of appellee's order constituted a breach of the contract on the part of appellee. It is admitted that appellant was given the exclusive sale of the meal from Ozark to Russellville and that after this provision was incorporated in the contract appellee shipped a car of the product to Elliott. There is a conflict in the evidence as to whether the Elliott sale was excepted from the provision of exclusive sale in the contract between appellant and appellee. If excepted from the provision, then the shipping of the car would not constitute a breach of the contract. This was an issue to be determined by the

jury and the issue was properly submitted to the jury by the court. The court did not err in refusing to give Instruction No. 5, asked by appellee, touching this point.

(2) The court gave an instruction on its own motion as to the measure of damages and also gave one at the request of appellee upon the same subject. The one given by the court on its own motion is as follows: "If you find for the plaintiff, you will assess his damages at the difference between the market price paid for the meal and the market price of the meal at the time the contract was breached, if you find it was breached by the Laser Grain Company, together with any freight which the Tennessee Fiber Company was required to pay by reason of the breach of the contract."

The one requested by appellee and given by the court is as follows: "If you find for the plaintiff, the measure of damages would be the difference between what the defendant agreed to pay for the article sold and the price at which plaintiff sold the same, together with such freight charges or bills as the plaintiff was caused to pay by reason of the defendant's failure to accept said product."

There is a direct conflict between the measure of damages fixed in these instructions. The instruction given by the court on its own motion is inaccurate and misleading. The words "contract price" should be substituted for "the market price paid for the meal." The instruction should also limit the damages for freight to the freight paid by appellant on the cars actually shipped to Clarksville and the additional freight necessary to reship the product to a market. With the modifications suggested, the instruction will correctly define the measure of damages. There is a conflict in the evidence as to the market value of the meal at the time of the alleged breach of contract. This being the case, the giving of conflicting instructions was prejudicial to the rights of appellant.

As the case must be reversed and remanded, we deem it unnecessary to pass upon the remarks of counsel suggested by appellant as grounds for reversal.

We presume upon new trial the attorney will not repeat the remarks.

On account of the error pointed out, the judgment is reversed and the cause remanded for a new trial.